KATHRYN N. NESTER, Federal Public Defender (#13967)
DAPHNE A. OBERG, Assistant Federal Public Defender (#11161)
**FEDERAL PUBLIC DEFENDER OFFICE**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| DAMEON NESTOR MONTOYA, Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, Respondent. | MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 <br><br> Civil No. _____ <br> Crim. No. 1:12-CR-00030 TC |

      Dameon Nestor Montoya, through counsel, respectfully asks this Court pursuant to 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Mr. Montoya is in federal custody in

Phoenix, Arizona.  On November 8, 2012, this Court sentenced Mr. Montoya to 57 months'

imprisonment after finding he had been convicted of two past crimes sufficient to qualify as

"crimes of violence" under § 2K2.1 of the United States Sentencing Guidelines (USSG).  While

the prior convictions may have qualified as crimes of violence under the residual clause of USSG

§ 4B1.2 at the time of Mr. Montoya's sentencing, the Tenth Circuit has since found this clause

unconstitutionally vague[1] under *Johnson v. United States*.[2]

---

[1] *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

[2] 135 S. Ct. 2551 (2015).

In light of the Supreme Court's decision in *Johnson* and the Tenth Circuit's decision in *Madrid*, Mr. Montoya's prior offenses no longer qualify as crimes of violence under the guidelines.  Accordingly, Mr. Montoya's sentence was unconstitutional.  Therefore, Mr. Montoya respectfully requests that this Court grant his motion, vacate his current sentence, and resentence him under the correct guideline range.

## STATEMENT OF FACTS

### A.  Conviction and Sentencing

On August 7, 2012, Mr. Montoya entered a guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[3]  This Court sentenced Mr. Montoya to 57 months in prison.[4]  Mr. Montoya remains in federal custody.

The presentence report asserted that two prior convictions qualified as "crimes of violence" under USSG § 4B1.2.  These convictions, a 1999 Utah conviction for attempted murder,[5] and a 2007 Utah conviction for assault by a prisoner,[6] increased Mr. Montoya's guideline range under § 2K2.1.[7]  Specifically, Mr. Montoya's base offense level was placed at 24 (instead of 14) due to these prior convictions.  This put his advisory guideline range at 57 to 71 months.[8]  Mr. Montoya has no other prior felony convictions that could reasonably be considered

---

[3] *United States v. Montoya*, 1:12-cr-00030, Doc. 16 (Statement in Advance of Plea).  Docket entries from Mr. Montoya's underlying criminal case will be identified as "Doc.," followed by the number of the docket entry.  Citations to the presentence report will be identified as "PSR."

[4] Doc. 26 (Judgment).

[5] PSR ¶ 44.

[6] PSR ¶ 45

[7] PSR ¶ 10, 70.

[8] PSR ¶ 70.

crimes of violence.  If Mr. Montoya's prior convictions had not been deemed "crimes of violence," his base offense level would have been 14, resulting in a guideline range of 21 to 27 months.[9]

### B.  Appeal and Prior § 2255 Motion

Mr. Montoya filed no appeal in his underlying case.  Likewise, Mr. Montoya has filed no prior § 2255 motions or other motions concerning this Court's judgment against him.

### C.  Present § 2255 Motion

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."[10]  *Johnson* expressly overruled *Sykes v. United States*[11] and *James v. United States*[12] and invalidated the ACCA's residual clause as unconstitutionally vague.  Based upon *Johnson*, the Tenth Circuit found the residual clause in § 4B1.2(a)(2) to be likewise invalid: "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[13]  Pursuant to *Johnson* and *Madrid*, Mr. Montoya has no prior crimes of violence under § 4B1.2.  Thus, his guideline range should be recalculated and he should be resentenced under the correct range, consistent with his due process rights.

---

[9] Pursuant to the 2012 United States Sentencing Commission Guidelines Manual, the advisory range for a criminal history category IV and offense level 12 (14 minus two points for acceptance of responsibility) is 21 to 27 months.

[10] 135 S. Ct. at 2563.

[11] 564 U.S. 1 (2011).

[12] 550 U.S. 192 (2007).

[13] *Madrid*, 805 F.3d at 1211.

## ARGUMENT

**1. Mr. Montoya Lacks Any "Crime of Violence" Sufficient to Increase his Guideline Range Under § 2K2.1.**

Because Mr. Montoya's prior convictions—attempted murder and assault by a prisoner—are not enumerated in § 4B1.2(a)(2), they qualify as "crimes of violence" only if they satisfy the "force clause."  However, neither statute of conviction requires proof of force; thus, his prior convictions cannot be considered crimes of violence under the guidelines.

Under § 4B1.2, for a conviction to qualify as a crime of violence after *Johnson* and *Madrid*, it must fit the categorical definition of an enumerated felony: "burglary of a dwelling, arson, or extortion, [or] involve[] the use of explosives."[14]  Or it must have "as an element the use, attempted use, or threatened use of physical force against the person of another."[15]  Courts deciding whether an offense qualifies as a "crime of violence" under the force clause must employ the categorical approach.[16]  This approach mandates that courts "look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offense[] and *not* to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence."[17]  Put differently, courts cannot consider the facts of a crime when determining whether it is categorically a crime of violence under the circumstances.  Further, an offense qualifies as a crime of violence only if all the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence"

---

[14] USSG § 4B1.2(a)(2).

[15] USSG § 4B1.2(a)(1).

[16] *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Madrid*, 805 F.3d at 1207.

[17] *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citations omitted); *see also Madrid*, 805 F.3d at 1207.

definition.[18]  If the most innocent conduct penalized by a statute does not constitute a crime of violence, the offense categorically fails to qualify as a crime of violence.

With respect to the type of force required under the force clause, the Supreme Court has explained that "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person."[19]  Significantly, the force must be directed at another person— using force against property is not sufficient.  Furthermore, the use of force must be intentional; a crime based on the reckless use of force does not qualify as a crime of violence.[20]

Additionally, the fact that a crime causes bodily injury is insufficient to satisfy the force clause.  In *United States v. Perez-Vargas*,[21] the Tenth Circuit analyzed bodily injury within the force clause in a challenge under § 4B1.2 of the sentencing guidelines.  The court held that a crime based on causing injury to another person "does not necessarily include the use or threatened use of 'physical force' as required by the Guidelines."[22]  The court explained that such a statute "looks to the consequences of the conduct, however applied, whereas the Guidelines look to the type of conduct that causes the injury."[23]  The court identified several situations where a defendant could cause injury without using force: "recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or

---

[18] *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

[19] *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

[20] *See United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011) (holding manslaughter based on recklessness was not a crime of violence under § 4B1.2).

[21] 414 F.3d 1282 (10th Cir. 2005).

[22] *Id*. at 1287.

[23] *Id*. at 1285.

intentionally exposing someone to hazardous chemicals."[24]  Thus, the fact that a defendant could have caused injury to a person in the course of committing a crime does not matter if the use of force was not actually required as an element of the statute.

    As set forth below, applying these principles to Mr. Montoya's case, his prior convictions cannot be classified as crimes of violence.  Attempted murder and assault by a prisoner, as criminalized in Utah, can be committed without physical force directed against the person of another.  Thus, attempted murder and assault by a prisoner cannot be considered crimes of violence.

> **A.    Mr. Montoya's Conviction for Attempted Murder is Not a Crime of Violence.**

>> *1.    Attempted Murder Does Not Involve Force as an Element.*

    Attempted murder in Utah is not a crime of violence under § 4B1.2(a)(1) because, as an inchoate offense, it does not require proof of force as an element.  Utah law defines "attempt" at § 76-4-101:

> (1) For purposes of this part a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct constituting a substantial step toward commission of the offense.

> (2) For purposes of this part, conduct does not constitute a substantial step unless it is strongly corroborative of the actor's intent to commit the offense.[25]

    Put otherwise, a person is guilty of an attempted offense if she intends to commit a crime and engages in conduct "strongly corroborative" of that intent.  However, because a person can engage in such conduct without using force, "attempt" offenses in Utah cannot qualify as violent crimes.

---

[24] *Id*. at 1286.

[25] Utah Code Ann. § 76-4-101 (1999).

The Tenth Circuit has explained why inchoate offenses differ from completed offenses.[26] In *United States v. Strahl*,[27] the court found a prior Utah conviction for attempted burglary differed from a completed burglary offense for purposes of the ACCA. Specifically, the court explained that under Utah law, "an attempted burglary conviction may be based upon conduct such as making a duplicate key, 'casing' the targeted building, obtaining floor plans of a structure, or possessing burglary tools."[28] The attempt statute at the time, like the statute in Mr. Montoya's case, required the defendant to take these preparatory steps "with the kind of culpability otherwise required" for the completed offense. Yet, the court still found "[attempted] offenses do not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary."[29]

The Supreme Court abated some of *Strahl*'s rationale in *James v. United States*,[30] holding that attempted burglary was a violent felony under ACCA's residual clause. However, James was explicitly overruled by the Supreme Court in *Johnson*.[31] Moreover, the Tenth Circuit in *United States v. Martinez*[32] later explained that the statute in *James* required "an overt act directed toward entering or remaining in a structure or conveyance" and that "[m]ere

---

[26] *See United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010) (holding that attempted burglary is not a violent felony and is crime of violence under § 4B1.2 only under residual clause); *United States v. Strahl*, 958 F.2d 980 (10th Cir. 1992) (holding that attempted burglary is not violent felony).

[27] 958 F.2d 980.

[28] *Id*. at 986.

[29] *Id*.

[30] 550 U.S. 192, 205 n.4 (2007).

[31] 135 S. Ct. at 2563.

[32] 602 F.3d 1166.

preparation" was not enough.[33]  Thus, even under *James*, an attempt offense based on preparatory conduct would be too attenuated to qualify as a crime of violence under the residual clause.

In *Martinez*, the Tenth Circuit considered whether an Arizona conviction for attempted burglary was a violent felony under the ACCA and a crime of violence under United States Sentencing Guideline § 4B1.2.  The court distinguished *James* on the ground that the attempted burglary statute in *James* left open whether "more attenuated conduct . . . presents a potential risk of serious injury under [the] ACCA."[34]  The *Martinez* court held it did not: "If one can commit the offense of attempted burglary in many ways without an act directed toward entry of the building, the risk of physical injury to another is too speculative to satisfy the residual provision of [the ACCA]."[35]  *Martinez* was also clear that a "substantial step" requirement did not change the analysis: "[E]ven if the Arizona statute requires a substantial step, it would still prohibit attenuated conduct . . . . One can take a substantial step toward committing a crime without being on the verge of committing it."[36]  For example, "attenuated conduct" that would constitute a substantial step could include "purchasing tools and supplies, arranging transportation to and from the building, and obtaining plans or maps," all acts that "can be committed a considerable distance from the targeted property."[37]  The court also noted that "reconnoitering the place contemplated for the commission of the crime" could be considered a

---

[33] *Id*. at 1169 (quoting *James*, 550 U.S. at 202).

[34] *Id*.

[35] *Id*. at 1170.

[36] *Id*. at 1172.

[37] *Id*. at 1170 (quoting *United States v. Fell*, 511 F.3d 1035, 1044 (10th Cir. 2007)).

substantial step that would distinguish an attempted offense from a completed offense.[38]
*Martinez* specifically cited *Strahl* and the Utah statute, noting that "although [the] Utah attempt statute requires a substantial step toward commission of the offense, the step can be preparatory, such as making a duplicate key or casing the building."[39]

      *Martinez* and *Strahl* make clear that Utah "attempt" can be committed in many preparatory ways that do not involve the use, attempted use, or threatened use of physical force against another.  Because the "substantial step" element is indivisible, it is not subject to the modified categorical approach.[40]  Thus, regardless how murder may be construed, attempted murder in Utah cannot qualify as a crime of violence under the force clause of § 4B1.2.

      2.    *Utah Attempt is Broader than the Generic Definition of Attempt.*

      Utah "attempt" crimes also fail to qualify as crimes of violence because Utah Code § 76-4-101 is broader than the generic definition of attempt.

      The Ninth Circuit has "defined 'attempt as requiring '[1] an intent to commit' the underlying offense, along with '[2] an overt act constituting a substantial step towards the commission of the offense."[41]  However, "'Mere preparation' to commit a crime 'does not constitute a substantial step.'"[42]  Rather, "[a] substantial step occurs when a defendant's 'actions "unequivocally demonstrat[e] that the crime will take place unless interrupted by independent

---

[38] *Id*. at 1172 (quoting Model Penal Code § 5.01, cmt. n. 6(b)(iii)).

[39] *Id*. at 1170 (citing *Strahl*, 958 F.2d at 985–86).

[40] *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013).

[41] *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1243 (9th Cir. 2014) (quoting *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1100 (9th Cir. 2011)).

[42] *Id*. (quoting *Hernandez-Cruz*, 651 F.3d at 1102).

circumstances.'"[43]  "Even when the defendant's intent is clear, his actions must cross the line between preparation and attempt."[44]

Using this definition, the Ninth Circuit held that Delaware attempt was broader than the generic definition because the Delaware definition of a substantial step was "an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which the defendant is charged with attempting" and could be based on "'mere preparation' or other preliminary acts not 'of such substantiality that, unless frustrated, the crime would have occurred."[45]  It similarly held that New Jersey attempt was broader than the generic definition because it "criminalizes attempts comprised of solely preparatory acts and has specifically rejected the 'probable desistance' test."[46]

The Delaware and New Jersey attempt statutes are materially indistinguishable from Utah Code § 76-4-101, which defines a substantial step as conduct "strongly corroborative" of the actor's mental state as defined in subsection (1).[47]  As discussed above, the Tenth Circuit has already held that "the step can be preparatory."[48]  Thus, Utah attempt is broader than the generic definition of attempt and cannot be used to establish a crime of violence.

        3.       *Utah Murder Does Not Involve Violent, Physical Force as an Element of the Offense.*

---

[43] *Id*. (quoting *Hernandez-Cruz*, 651 F.3d at 1102).

[44] *Id*. (quoting *United States v. Yossunthorn*, 167 F.3d 1267, 1271 (9th Cir. 1999)).

[45] *Id*. (quoting Del. Code Ann. tit. 11, § 532; *Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th Cir. 2009)).

[46] *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1088 (9th Cir. 2015).

[47] Utah Code Ann. § 76-4-101(2).

[48] *Martinez*, 602 F.3d at 1170 (citing *Strahl*, 958 F.2d at 985–86).

Should this Court nevertheless conclude that a Utah attempt to commit a forcible offense is a crime of violence under the elements clause, Mr. Montoya's attempted murder conviction still cannot be a crime of violence because Utah's murder statute can be violated in a number of ways, including recklessly, which is insufficient under the force clause.[49]  But to qualify as a crime of violence, the statute must require purposeful conduct, not reckless.[50]  Thus, under Utah's statute, murder committed in a reckless manner cannot qualify as violent, physical force against the person of another, and thus, cannot qualify as a crime of violence.

In summary, after *Johnson*, this Court should conclude attempted murder is not a crime of violence under § 4B1.2 because Utah Code § 76-4-101 does not require the use of force as an element.  Moreover, Utah attempt is broader than the generic definition of attempt, and Utah murder does not necessarily require the use of intentional, violent force against the person of another.

**B.      Mr. Montoya's Conviction for Assault by a Prisoner is Not a Crime of Violence.**

Mr. Montoya's assault conviction also cannot be considered a crime of violence. Because the offense is not enumerated in § 4B1.2(a)(2), it qualifies as a crime of violence only if it satisfies the "force clause."  However, Utah's assault by a prisoner statute requires no proof of physical force directed against the person of another.  Likewise, as assault by a prisoner can be committed recklessly, it cannot be considered a crime of violence.

Under Utah law in 2007, the assault by a prisoner statute read:

Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree.[51]

---

[49] *See* Utah Code Ann. § 76-5-203(1)(c), (d) & (e).

[50] *Armjio*, 651 F.3d at 1237.

[51] Utah Code Ann. § 76-5-102.5 (2007).

The assault by a prisoner statute does not itself define "assault," but instead relies on Utah's general assault statute for this definition.[52]  Thus, a violation of this section makes it necessary to look at the crime of simple assault, also.  Under Utah law in 2007, simple assault was defined as:

> (a) an attempt, with unlawful force or violence, to do bodily injury to another;
> (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
> (c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.[53]

As an initial matter, this offense cannot qualify as a crime of violence because it can be violated recklessly.[54]  By operation of Utah law, where no specific *mens rea* is delineated in the statute, any number of mental states, including recklessness, is sufficient to establish culpability.[55]  But to qualify as a crime of violence, the statute must require purposeful conduct, not reckless.[56]

Additionally, the statute cannot qualify as a crime of violence because it does not require that force be directed against another person.  The Fifth Circuit reached precisely this conclusion in *United States v. Leal-Rax*.[57]  At issue was whether Utah's aggravated assault statute was a "crime of violence" under § 2L1.2 of the sentencing guidelines.  Focusing on subsection (c) of

---

[52] *See, e.g., State v. Davis*, 2014 UT App 77, ¶ 2, 324 P.3d 678 (Utah 2014).

[53] Utah Code Ann. § 76-5-102 (2007).

[54] *See State v. Loeffel*, 2013 UT App 85, ¶¶ 7–10, P.3d 336 (finding recklessness is sufficient to establish criminal responsibility in Utah Code. Ann. § 76-5-102 and § 76-5-103); *In re McElhaney*, 579 P.2d 328, 328–29 (Utah 1978) (finding recklessness is sufficient for conviction under (1)(b), using force likely to produce death or serious bodily injury).

[55] Utah Code Ann. § 76-2-102.

[56] *Armjio*, 651 F.3d at 1237.

[57] 594 Fed. App'x 844 (5th Cir. 2014) (unpublished).

the underlying assault statute,[58] the Fifth Circuit found "the underlying assault statute does not necessarily require that the unlawful force or violence be directed 'against the person of another' for creation of a risk of injury."[59]  The fact that the risk of injury was created with the use of a dangerous weapon did not change the court's analysis.  "Because § 76–5–102(1)(c) does not necessarily require the use of physical force against the person of another," the Fifth Circuit concluded, "it cannot be a crime of violence under that test."[60]

Finally, the assault by a prisoner statute is overbroad in that it focuses on the intent to cause bodily injury.  But a person can intend to cause bodily injury without ever using force, attempting to use force, or threatening the use of force *against the person of another*.  The defendant's subjective intent is not the determinative factor.  Similar to the statute in *Perez-Vargas*, Utah's assault statute focuses on outcome, not the necessary means.  Under Utah's statute, a prisoner could use force to push over a container of water in the hallway or break a pipe in a bathroom, intentionally creating a risk someone would slip and fall on the wet floor.[61]  The fact that she did so with intent to cause injury does not change the analysis because the force must be directed against another person to qualify as a crime of violence.[62]  In this way, this case is similar to *Chrzanoski v. Ashcroft*,[63] where the Second Circuit ruled an assault statute did not

---

[58] The court focused on the language, "an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another."

[59] *Id*. at 850.

[60] *Id*.

[61] *See, e.g., State v. Wareham*, 2006 UT App 327,  ¶ 30, 143 P.3d 302, 308 (Utah Ct. App. 2006) (citing risk and threat portions of Utah's assault statute in finding defendant committed assault by tearing things off wall and ransacking house in victim's presence).

[62] *See Perez-Vargas*, 414 F.3d at 1286.

[63] 327 F.3d 188 (2d Cir. 2003).

involve the use force when it punished a person who, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person."[64]  Because Utah's prisoner assault statute has no element of force against another person, it cannot be considered a violent felony.

### 2.  Mr. Montoya is Entitled to Relief Under § 2255 Because his Claim is Cognizable and Timely.

Because Mr. Montoya's prior convictions were improperly classified as crimes of violence, he should be resentenced.  A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution."[65]  Mr. Montoya's sentence violated the Constitution because his guideline range was increased under the unconstitutionally vague residual clause and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."[66]  Constitutional claims are always cognizable under the plain language of § 2255(a), so Mr. Montoya's claim that his sentence violated his due process rights is cognizable.

Mr. Montoya's motion is timely under § 2255(f)(3),which allows claims to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Both the Supreme Court and the Tenth

---

[64] *Id*. at 192–97 (evaluating Conn. Gen. Stat. § 53a–61(a)); *see also United States v. Gracia-Cantu*, 302 F.3d 308, 311–13 (5th Cir. 2002) (same conclusion regarding Texas statute that punishes a person for causing injury to a child or elderly individual).

[65] 28 U.S.C. § 2255(a).

[66] *Johnson*, 135 S. Ct. at 2563.  Although *Johnson* addressed the ACCA, the Tenth Circuit has held that *Johnson* invalidated the identical clause in U.S.S.G. § 4B1.2(a).  *Madrid*, 805 F.3d at 1210 (holding that "the residual clause [in §4B1.2] is unconstitutionally vague").

Circuit have held that *Johnson* announced a new rule of constitutional law.[67] And the Supreme Court has made *Johnson* retroactively applicable.[68] Because the rule in *Johnson* is substantive and retroactive, it can be raised in all cases—even final cases on collateral review—to which the rule applies.[69] This includes cases challenging the constitutionality of the residual clause in § 4B1.2.[70] The Supreme Court decided *Johnson* on June 26, 2015. Because *Johnson* is a new, substantive rule that is retroactive in cases on collateral review, Mr. Montoya's motion, filed within a year of the date upon which *Johnson* was decided, is timely.

---

[67] *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016); *In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) (*per curiam*).

[68] *See Welch*, 136 S. Ct. at 1268 ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.")

[69] *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."); *Davis v. United States*, 131 S. Ct. 2419, 2430 (2011) (retroactivity is "categorical matter"); *Teague v. Lane* 489 U.S. 288, 316 (1989) (holding that new rules must be applied retroactively to all "similarly situated" defendants). Before *Johnson*, every court of appeals to decide the issue held that new rules that narrow the definition of "violent felony" in the ACCA apply retroactively to guidelines cases on collateral review. *See, e.g.*, *United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (applying *Begay* retroactively in guidelines cases and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625–26 (7th Cir. 2011) (holding that *Begay* and *Chambers* are "substantive decisions" that apply retroactively in guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (applying *Begay* retroactively to guideline challenge).

[70] *In re Encinias*, ___ F.3d ___, 2016 WL 1719323, *1 (10th Cir. 2016) (authorizing successive § 2255 motion in guideline case because "*Johnson's* invalidation of the unconstitutionally vague residual clause in the ACCA led to the same result for the career-offender Guideline"). Even before *Welch*, the Sixth and Seventh Circuits authorized successive petitions in guidelines cases because *Johnson* is "categorically retroactive." *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (noting that under *Teague*, "new substantive rules are categorically retroactive"); *In re Watkins*, 810 F.3d 375, 383-4 (6th Cir. 2015) (holding that *Johnson* is "categorically retroactive to cases on collateral review"). Since *Johnson*, the Supreme Court has vacated and remanded several cases involving collateral attacks to Guidelines sentences based on *Johnson*. *See, e.g.*, *Jones v. United States,* 136 S. Ct. 333 (2015) (vacating denial of § 2255 motion in *Jones v. United States*, 597 Fed. App'x 1064 (11th Cir. 2015)); *Denson v. United States*, 135 S. Ct. 2931 (2015).

**CONCLUSION**

Mr. Montoya is entitled to relief under § 2255 because, in light of *Johnson*, his sentence was unconstitutional.  Thus, this Court should vacate the sentence imposed and schedule a new sentencing hearing so that he can be resentenced.  Mr. Montoya respectfully requests a chance to reply to any response filed by the government.

DATED this 24th day of June 2016.


  */s/ Daphne A. Oberg*
DAPHNE A. OBERG
Assistant Federal Public Defender