IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAMEON NESTOR MONTOYA, Petitioner, | ORDER AND MEMORANDUM DECISION GRANTING PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 |
| vs. | Case No. 1:16-cv-00084-TC 1:12-cr-00030-TC |
| UNITED STATES OF AMERICA, Respondent. | Judge Tena Campbell |

Dameon Nester Montoya was convicted of being a felon in possession of a firearm. Because he had previously committed two "crimes of violence" as defined in a now-outdated version of the United States Sentencing Guidelines (Guidelines), Mr. Montoya's sentence was enhanced. But now the law has changed. Although Mr. Montoya's previous convictions would have qualified as crimes of violence under the residual clause in the Guidelines, the Tenth Circuit has since found this clause unconstitutionally vague as a result of the Supreme

Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Because the court finds that <u>Johnson</u> applies retroactively to the Guidelines, and because one of Mr. Montoya's previous convictions no longer qualifies as a crime of violence, the court GRANTS Mr. Montoya's motion.

## BACKGROUND

Mr. Montoya pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After his plea, the court sentenced Mr. Montoya to 57 months in prison.

Mr. Montoya's presentence report designated two of his prior convictions as "crimes of violence" under section 4B1.2 of the Guidelines. These two prior convictions, a Utah conviction for attempted murder and a Utah conviction for assault by a prisoner, increased the recommended sentencing guideline range under the Guidelines. Specifically, Mr. Montoya's base offense level was placed at 24 as a result of these prior convictions. With his heightened base offense level, the presentence report calculated the advisory guideline range at 57 to 71 months of prison time.

If either of Mr. Montoya's prior convictions had not been considered "crimes of violence" under the Guidelines, his base offense level would have

been lower and, consequently, the sentencing guideline range would have been lower.

Mr. Montoya recently filed a petition seeking relief under 28 U.S.C. § 2255, arguing that based on the Supreme Court's recent opinion in Johnson his prior convictions no longer qualify as "crimes of violence" under the Guidelines. Mr. Montoya argues that "his guideline range should be recalculated and he should be resentenced under the correct range."  (Mot. to Vacate, Civ. Dkt. 1.)

## ANALYSIS

For Mr. Montoya to succeed in his motion he must establish (1) that Johnson applies retroactively to the Guidelines, allowing him to bring this challenge at this time; and (2) that at least one of his previous convictions no longer qualifies as a crime of violence under the Guidelines.  The court will address each of these issues in turn.

### I.    Johnson and the Guidelines

In June of 2015, the Supreme Court ruled in Johnson v. United States, that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague.  135 S. Ct. 2551 (2015).  Under the ACCA, a felon convicted of possessing a firearm is subject to a fifteen-year mandatory minimum

3

sentence when he has three prior convictions for either a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e).  Before the Court's decision in Johnson, section 924(e)(2)(B) of the ACCA defined a violent felony as follows:

> Any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Section 924(e)(2)(B)(i) is referred to as the "force clause."  See United States v. Lee, 458 F. App'x 741, 745 (10th Cir. 2012) (unpublished).  Burglary, arson, extortion, or crimes involving the use of explosives are known as the "enumerated offenses."  Id.  And the language regarding crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," is known as the "residual clause."  Id.

In Johnson, the Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2563. Less than a year later the Court held that Johnson's constitutional holding applied retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257 (2016).

4

Like the ACCA, the Guidelines provide enhancements for crimes constituting a "crime of violence."  For example, section 2K2.1 calculates a defendant's base-offense level by looking at how many prior convictions the defendant has sustained for "either a crime of violence or a controlled substance offense."  Then, mirroring the definition provided under the ACCA, section 4B1.2 of the Guidelines defines a "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Virtually identical to the "crime of violence" definition in ACCA, section 4B1.2 contains a force clause, an enumerated-offenses provision, and a residual clause. As a result, the Tenth Circuit Court of Appeals instructed courts to apply the Supreme Court's ACCA violent-felony analysis to interpret section 4B1.2's definition of a crime of violence.  United States v. Wray, 776 F.3d 1182, 1184–85 (10th Cir. 2015).  After Johnson, the Tenth Circuit held in United States v. Madrid that section 4B1.2's residual clause is also unconstitutionally vague. 805

5

F.3d 1204, 1210 (10th Cir. 2015).  But the Tenth Circuit did not address whether <u>Johnson</u>'s application to the Guidelines applies retroactively to petitioners seeking collateral review.  And though the Supreme Court has recently granted certiorari in <u>Beckles v. United States</u> to make that determination, it has yet to be decided.  <u>See</u> S. Ct. No. 15-8544, cert. granted, 136 S. Ct. 2510 (June 29, 2016).

## II.     Retroactive Application of <u>Johnson</u> to the Guidelines

For Mr. Montoya's petition to succeed, the court must first determine that <u>Johnson</u> applies retroactively to the Guidelines.  Mr. Montoya argues that it does.  The Government responds that the advisory nature of the Guidelines shows that the Tenth Circuit's ruling in <u>Madrid</u>—that the Guidelines' residual clause is unconstitutionally vague—is procedural and, consequently, does not apply retroactively.  In other words, the Government contends that though <u>Johnson</u> forecloses the use of the Guidelines' residual clause in original sentencing, it does not apply retroactively.

Typically "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."  <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989).  However, two exceptions exist: "[a] new rule applies retroactively in a collateral proceeding

only if (1) the rule is substantive or (2) the rule is a watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (alteration in original) (citation and internal quotation marks omitted).

A rule qualifies as substantive "if it alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 542 U.S. 348, 353 (2004). This generally includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id. at 351–352. On the other hand, a rule qualifies as procedural if it regulates "only the manner of determining the defendant's culpability." Id. (emphasis omitted). And procedural rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 352.

Addressing whether Johnson applies retroactively to ACCA cases, the Supreme Court looked at whether Johnson announced a substantive or procedural rule. Welch, 136 S. Ct. at 1265 (2016). The Court ruled that "[b]y striking down

the residual clause as void for vagueness, <u>Johnson</u> changed the substantive reach of the [ACCA], altering the range of conduct or the class of persons that the [ACCA] punishes." <u>Id.</u> (citation and internal quotation marks omitted).   It added that because <u>Johnson</u> altered the punishment one would receive for engaging in a particular act, it qualified as substantive:

> The [ACCA] applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause.  An offender in that situation faced 15 years to life in prison.  After <u>Johnson</u>, the same person engaging in the same conduct is no longer subject to the [ACCA] and faces at most 10 years in prison. . . . It follows that <u>Johnson</u> is a substantive decision.

<u>Id.</u>

The Court then noted that, conversely, <u>Johnson</u> is not a procedural rule: "<u>Johnson</u> had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." <u>Id.</u>  The Court also noted that <u>Johnson</u> did not "allocate decisionmaking authority between judge and jury," or "regulate the evidence that the court could consider in making its decision"—all indications that <u>Johnson</u> is a substantive decision that has retroactive effect in cases on collateral review.  <u>Id.</u>  Consequently, the

8

Court in Welch ruled that Johnson applies retroactively to ACCA cases on collateral review. Id.

The Court's reasoning in Welch applies with equal force to the Guidelines. The elimination of the residual clause changes the "substantive reach" of the Guidelines' sentencing enhancement, altering the conduct and the class of persons that are subject to it. Id. The elimination of the residual clause altered the punishment one could receive for engaging in a particular act. Accordingly, Johnson applies retroactively to Guidelines cases on collateral review.

Two circuit courts of appeal, relying on Welch, have come to the same conclusion. First, in In re Hubbard, the Fourth Circuit Court of Appeals rejected the Government's argument that application of Johnson to the Guidelines would be procedural. 825 F.3d 225, 234 (4th Cir. 2016). The court reasoned that Welch "declared unequivocally that Johnson was a 'substantive decision and so has retroactive effect under Teague in cases on collateral review.'" Id. (quoting Welch, 136 S. Ct. at 1265.) The court noted that the Government "cited no case to support the proposition that a rule can be substantive in one context but procedural in another." Id. Further, the court reasoned that the removal of the residual clause from the Guidelines "would 'alter[ ] the range of conduct or the

9

class of persons that the Guidelines punishes,'" illustrating its substantive nature. Id. (quoting Welch, 136 S. Ct. 1265) (alterations in original).  The court stated that "although available sentences are technically controlled by statute, the Sentencing Guidelines hardly represent a mere suggestion to courts about the proper sentences defendants should receive." Id. at 235.  And, "'[t]he federal system adopts procedural measures intended to make the Sentencing Guidelines the lodestone of sentencing.'" Id. (quoting Peugh v. United States, 133 S. Ct. 2072, 2084 (2013)).

Second, in In re Patrick, the Sixth Circuit Court of Appeals agreed with this reasoning.  833 F.3d 584 (6th Cir. 2016).  Like the Tenth Circuit, the Sixth Circuit determined that Johnson "compels invalidation of the Guidelines' residual clause as unconstitutionally vague."  Id.  at 586. And the same as here, the Government argued that Johnson is procedural, rather than substantive, and does not apply retroactively on collateral review as a result.  Id.  But the court was  not convinced:

> The Supreme Court's rationale in Welch for finding Johnson
> retroactive applies equally to the Guidelines. Johnson held a
> statutory provision of the ACCA unconstitutional, and now that
> provision may not be used to enhance a sentence. Striking the
> Guidelines' residual clause, just like striking the ACCA's residual
> clause, would change[ ] the substantive reach of the Guidelines by

10

> altering the range of conduct or the class of persons that the [Guidelines] punish[]. As applied to the Guidelines, <u>Johnson</u> substantively changes the conduct by which federal courts may enhance the sentence of a defendant. [S]ome crimes will no longer fit the Sentencing Guidelines' definition of a crime of violence . . . and will therefore be incapable of resulting in a career-offender sentencing enhancement. Although a defendant may still be subject to the same statutory range of punishments through provisions of the Guidelines other than the residual clause, even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause. It follows that <u>Johnson</u> is a substantive decision.

<u>Id.</u> at 588 (citation and internal quotation marks omitted).

Employing the same logic, the Sixth Circuit rejected the Government's argument that <u>Johnson</u> is a procedural decision as applied to the Guidelines.  <u>Id.</u> at 589.  It noted that the Supreme Court has described the Guidelines as "'the substantive 'formula' used to calculate the applicable sentencing range.'"  <u>Id.</u> (quoting <u>Peugh,</u> 133 S. Ct. at 2088).  It also rejected the Government's argument that because the Guidelines are discretionary, <u>Johnson</u> qualifies as a procedural decision as applied to the Guidelines, noting that the Guidelines still have "considerable influence" that is "real and pervasive" on the final sentence a defendant receives.  <u>Id.</u> (citation and internal quotation marks omitted).

In addition to these appellate decisions, several district courts, including courts in this district, have likewise determined that <u>Johnson</u>'s application to the

11

Guidelines is a new substantive rule that applies retroactively to petitioners on collateral review. See e.g. Andrews v. United States, Civ. No. 2:16-CV-501-DB, 2016 WL 4734593, at *5 (D. Utah. Sept. 9, 2016) (ruling that "Johnson's application to the Guidelines is a substantive rule, which applies retroactively to [the defendant's] § 2255 petition"); Culp v. United States, Civ. No. 2:16-CV-672-TS, 2016 WL 5400395, at *6 (concluding "that the rule announced in Johnson is substantive as applied to the Guidelines); United States v. Ramirez, No. CR 10-10008-WGY, 2016 WL 3014646, at *9 (D. Mass. May 24, 2016) ("[T]he invalidation of the Guidelines' Residual Clause pursuant to Johnson constitutes a substantive rule that must apply retroactively."); United States v. Boone, No. 2:12-CR-162-12, 2016 WL 3057655, at *7 (W.D. Pa. May 31, 2016) (applying Johnson retroactively to a case seeking collateral relief under the Guidelines).

The court agrees with the reasoning in these cases and holds that the rule announced in Johnson is substantive as applied to the Guidelines. Accordingly, the court must now address whether Mr. Montoya's previous crimes qualify as crimes of violence absent the residual clause.

12

### III.   Mr. Montoya's Previous Felonies

Because the residual clause is unconstitutionally vague, and because this rule applies retroactively to Mr. Montoya's petition, Mr. Montoya's convictions for attempted murder and assault by a prisoner qualify as crimes of violence only if they are enumerated offenses or satisfy the force clause.  See United States v. Madrid, 805 F.3d 1204, 1210 (10th Cir. 2015).  The next sections will address the merits of Mr. Montoya's claim—whether these crimes qualify as crimes of violence.

#### a.  Attempted Murder

Mr. Montoya has a 1999 Utah conviction for attempted murder.  Mr. Montoya argues that absent the residual clause, his conviction for attempted murder does not qualify as a crime of violence because it is not enumerated and it does not fall under the force clause.  The Government responds that attempted murder is an enumerated offense because it is named in Application Note 1 of the Guidelines' commentary.

#### i.  Enumerated Offenses

An offense will qualify as a crime of violence if it is one of the enumerated offenses in section 4B1.2(a)(2).  That subsection lists "burglary of a dwelling,

arson, or extortion, [or an offense that] involves use of explosives" as crimes of violence.  USSG § 4B1.2(a)(2).

Though attempted murder is not listed in these enumerated offenses, the Guidelines' commentary in Application Note 1 provides that a "'[c]rime of violence' includes murder."  Id. cmt. n.1.  Further, Application Note 1  lists "offenses of aiding and abetting, conspiring, and attempting to commit such offenses" as crimes of violence.  Id.

The Supreme Court has stated that commentary "interpret[ing] or explain[ing] a [G]uideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that [G]uideline."  Stinson v. United States, 508 U.S. 36, 38, (1993).  Commentary in the Guidelines has no legal force independent of the Guidelines themselves; the commentary's list of qualifying crimes is valid only as an interpretation of the Guidelines.  Id. at 41–42.  Where the commentary is inconsistent with the Guidelines' text, the text controls.  Id. at 43.

The Government points to Application Note 1 and argues that "because [attempted murder] is an enumerated offense in the Guidelines commentary," it qualifies as a crime of violence under the enumerated-offenses provision.  (United

14

States' Resp. to Pet'r's Mot. 12, Civ. Dkt. No. 10).  But the Government fails to address whether Application Note 1 is inconsistent with the Guidelines or is better viewed as an aid to determine whether an offense qualified as a crime of violence under the now-defunct residual clause.  And the text of the Guidelines is clear: an offense qualifies as a crime of violence under the enumerated-offenses provision only if the crime "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives."   USSG 4B1.2(a)(2).  On its face, the Guidelines' enumerated-offenses provision lays out a limited universe of specific offenses that qualify as crimes of violence.  Any crimes mentioned in Application Note 1 cannot be added to this limited list.

Two post-Johnson courts of appeal have come to the same conclusion.  The First Circuit Court of Appeals held that because Johnson invalidated the Guidelines' residual clause, Application Note 1 in the commentary "has become inconsistent with the remaining text of the Guideline itself" and, consequently, "provides no basis" to conclude that an offense listed in the commentary qualifies as a crime of violence.  United States v. Soto-Rivera, 811 F.3d 53, 62 (1st Cir. 2016).  And the Seventh Circuit Court of Appeals reached the same conclusion. See United States v. Rollins, 836 F.3d 737, 739 (7th Cir. 2016) (en banc).  The

15

Seventh Circuit ruled that "Application note 1 has no legal force independent of the guideline itself," specifically holding,

> [T]he application notes are interpretations of, not additions to, the Guidelines themselves; an application note has no independent force. Accordingly, the list of qualifying crimes in application note 1 to § 4B1.2 is enforceable only as in interpretation of the definition of the term "crime of violence" in the guideline itself. More specifically, the Sentencing Commission has interpreted the residual clause in § 4B1.2(a)(2) to include the specific crimes listed in application note 1. . . . [B]ecause the residual clause in § 4B1.2(a)(2) is unconstitutional, the application note's list of qualifying crimes is inoperable . . . .

Id. at 742.

The court agrees with this reasoning. The plain language of the enumerated-offenses provision does not include "attempted murder" as a crime of violence. Consequently, its inclusion in Application Note 1 does not independently make it so.

Resisting this conclusion, the Government argues that Madrid, the very case in which the Tenth Circuit Court of Appeals ruled that the Guidelines' residual clause is unconstitutionally vague, holds that an offense listed in Application Note 1 is categorically a crime of violence. 805 F.3d at 1207. But Madrid does not state that an offense listed in Application Note 1 is a crime of violence independent of anything in the Guidelines. Rather, the section in Madrid

16

to which the Government points outlines the definition of crime of violence before <u>Johnson</u>.  In fact, in the exact same paragraph that the Government cites, the Tenth Circuit points to the residual clause as a way in which an offense qualifies as a crime of violence.  <u>Id.</u>  Yet later in the opinion, the court rules that <u>Johnson</u> invalidated the Guidelines' residual clause.  Further, the language in <u>Madrid</u> to which the Government points is dictum, which has no precedential value.  <u>U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship</u>, 513 U.S. 18, 24 (1994).

Additionally, the Government cites <u>United States v. Maldonado-Palma</u> in support of its argument that the named offenses in Application Note 1 qualify as crimes of violence under the enumerated-offenses provision.  <u>See</u> No. 15-2146, 2016 WL 6211803 (10th Cir. Oct. 25, 2016).  In that case, the Tenth Circuit addressed whether a conviction under New Mexico's aggravated-assault statute qualifies as a crime of violence.  <u>Id.</u> at *1–2.  The Tenth Circuit noted that aggravated assault is listed in Application Note 1, but then ruled that New Mexico's aggravated-assault statute does not qualify as a crime of violence under the enumerated-offenses provision because it is broader than the generic offense. <u>Id.</u>  The Tenth Circuit never held that courts may rely on Application Note 1 to

17

determine whether an offense qualifies under the enumerated-offenses provision. Id.  Absent such a holding, the court remains unswayed.

In sum, attempted murder does not qualify as a crime of violence under the enumerated-offenses provision.  Nothing in the Guidelines' commentary changes this.

### ii.  Force Clause

Having determined that Mr. Montoya's conviction for attempted murder does not qualify as a crime of violence under the enumerated-offenses provision, the court now turns to the force clause.  Mr. Montoya argues that Utah's attempted-murder statute does not require the use or attempted use of force against a person and that "attempt" in Utah is overbroad because it includes preparatory steps.  The Government does not respond to these arguments in its briefing.

On its merits, attempted murder in Utah does not qualify as a crime of violence because, as an inchoate offense, it does not require proof of force as an element.  USSG § 4B1.2(a)(1).

### b.  Assault by a Prisoner

Mr. Montoya also has a 2007 Utah conviction for assault by a prisoner. Mr. Montoya argues that absent the residual clause, his conviction for assault by a prisoner does not qualify as a crime of violence under the force clause.  The Government responds that assault by a prisoner qualifies as a crime of violence under the force clause because assault inherently requires force.

The force clause defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 4B1.2(a)(1).  As used in the force clause, "physical force," means "violent force—that is, force capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis omitted).  And the force must be directed at another person—using force against property alone is not sufficient.  USSG § 4B1.2(a)(1).

In determining whether a conviction qualifies as a crime of violence under the force clause, "we employ a categorical approach that looks to the words of the statute and judicial interpretations of it, rather than to the conduct of any particular defendant convicted of that crime."  United States v. McConnell, 605 F.3d 822, 825 (10th Cir. 2012) (citation and internal quotation marks omitted).

This approach mandates that courts "look only to the statutory definitions—i.e., the elements—of a defendant's prior offense[] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence.  <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2283 (2013).  Because the court looks only to the statute of conviction rather than the facts of the crime, it "must presume that the conviction rested upon nothing more than the least of the acts criminalized."  <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678, 1684 (2013) (citation and internal quotation marks omitted).  If the most innocent conduct covered by the statute does not constitute a crime of violence, the offense does not qualify as a crime of violence.  <u>Id.</u>

Here, Mr. Montoya was convicted of violating Utah's assault-by-a-prisoner statute.  The statute reads:

> Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree.

Utah Code Ann. § 76-5-102.5 (LexisNexis 2003).  When Mr. Montoya was convicted, the Utah Code defined assault as:

> (a) an attempt, with unlawful force or violence, to do bodily injury to another;
> (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or

20

>(c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.

Id. § 76-5-102.

In an unpublished, post-Johnson opinion, the Tenth Circuit Court of Appeals held that violating Utah's assault-by-a-prisoner statute qualifies as a crime of violence under the force clause. See United States v. Tahguv, 264 F. App'x 719, 723 (10th Cir. 2008) (unpublished).  The Tenth Circuit stated that "[o]ne element of the statute . . . is 'commission of assault,' which by definition requires the use of force." Id. (quoting Utah Code Ann. § 76-5-102.5).

Mr. Montoya acknowledges Tahguv, but argues that it has no precedential value, included little reasoning, and should be ignored.  Instead, Mr. Montoya directs the court to United States v. Leal-Rax, an unpublished opinion from the Fifth Circuit Court of Appeals.  594 F. App'x 844 (5th Cir. 2014) (unpublished).  There, the Fifth Circuit analyzed whether Utah's assault statute constitutes a crime of violence under the force clause and determined that it does not.  Id. at 850.

Though neither decision is published and, accordingly, neither has precedential value, the court finds Tahguv authoritative because it comes from the

Tenth Circuit and specifically addresses Utah's assault-by-a-prisoner statute. Based on that case, the court holds that Mr. Montoya's conviction for assault by prisoner qualifies as a crime of violence.

## **ORDER**

Because <u>Johnson</u> applies retroactively to the Guidelines, and because Utah's attempted-murder statute does not qualify as a "crime of violence," the court GRANTS Mr. Montoya's motion and VACATES his sentence.  The court will soon resentence Mr. Montoya in light of this Order.

DATED this 17th day of November, 2016.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

22